### THE BALSA.

### CUMMINS v. WRY.

(Circuit Court of Appeals, Third Circuit. February 11, 1926.)

No. 3378.

1. **Seamen ⬤⟷11—Seaman may recover only actual outlay for cure and not for free treatment.**

Injured seaman cannot recover costs of cure which he has received at Marine Hospital without charge, though he may recover expenses actually incurred for treatment beyond that given without cost, unless he has rejected hospital service when available.

2. **Shipping ⬤⟷69—Master's right to libel vessel for costs of cure and maintenance not determined by matters stated.**

Master's relation to seaman, and his inability to libel vessel for his wages, are not controlling on question whether he may libel vessel for costs of cure and maintenance after injury.

3. **Shipping ⬤⟷69—Master entitled to recover cost of cure and maintenance from vessel.**

Master, injured in service of vessel, is entitled to recover, in libel against her, cost of his cure and maintenance.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Libel by Rupert Wry against the schooner Balsa; Albert D. Cummins, claimant. From a decree for libelant, respondent appeals. Affirmed.

Howard M. Long, of Philadelphia, Pa., for appellant.

Carl G. Kirsch, of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges.

WOOLLEY, Circuit Judge. The Schooner Balsa was lying at anchor off Staten Island waiting for a charter when Wry, her master, was hurt in her service. He was taken to the United States Marine Hospital at New York where he remained continuously for twenty-eight days and from which he was not finally discharged for three months. Later he filed a libel against the vessel, charging her owners with negligence in failing to keep her in a seaworthy condition and praying damages for his injury and payment of his expenses for cure and maintenance. The court entered a decree refusing damages, but allowing him $765 to cover the latter claim. Thereupon the vessel took this appeal, charging error in the decree, first, for lack of evidence to sustain the award, and second, because under the admiralty law the master of a ship, as distinguished from a seaman, is not entitled to recover the costs of his cure and maintenance.

[1] Of course a seaman cannot recover costs of cure when, having received attention at a marine hospital, he has expended nothing in his cure. But expenses actually incurred for treatment beyond that which was given him without cost at such an hospital are recoverable, unless the seaman has rejected the hospital service when available (The Bouker No. 2 [C. C. A. 2d] 241 F. 831, 154 C. C. A. 533; The Santa Barbara [C. C. A. 2d] 263 F. 369), of which there is no evidence in this record.

While the opinion does not show just how the trial court computed the sum it allowed, there is evidence of expenses which when measured by the master's wages for the time embraced within the period of his cure is sufficient to sustain the award.

[2, 3] The important question in this case, however, is one of law and is whether the rule which gives a seaman the right to recover his costs of cure and maintenance extends to the master. If, instead of being master, Wry had been an ordinary seaman there is no doubt, under the law of The Osceola, 23 S. Ct. 483, 189 U. S. 158, 47 L. Ed. 760, that he would be entitled to recover costs of his cure and of his maintenance during cure. But the respondent maintains that a master is not a seaman within the meaning of the rule and

that, as intimated in the same case, the master is not a fellow-servant of the seaman, but being in the high position of commander of the ship and representative of the owners the protection which the admiralty law accords a seaman does not extend to him. This, it is urged, is proved by the rule which precludes him from libelling the ship for his wages. We think the relation of the master to the other servants of the ship has no bearing on the question; the question concerns the relation of the master to the ship. Nor do we think his inability to libel the ship for his wages bears on the question of his ability to libel the ship for his costs of cure and maintenance. The difference between the two is clear. The master is the commander of the ship—lord of his little world. He is master in every sense of the word, controlling not only her movement and her cargo but her earnings, which he may apply to the discharge of the ship's indebtedness to him for his wages. Yet, notwithstanding his absolute control of the ship, her cargo and her earnings, he cannot resort to any of them for his cure and maintenance unless in law the ship owes him the duty to pay such costs when incurred in consequence of an injury sustained in her service. That duty is prescribed, equally in favor of master and seaman, by the English Merchants' Ship Act, 17 & 18 Victoria, chapter 104, section 228, subdivision 1. But there is no statutory law of the United States to this effect and if there be such a rule it must be found within the general maritime law as pronounced by the courts. The respondents say there is none. Concededly there is a dearth of judicial expression on the subject but we think there is enough in authority, and certainly in reason, to sustain the award.

No decision directly on the point rendered by an appellate court of this country has been brought to our attention, though in The George, Fed. Cas. No. 5,329, Mr. Justice Story, sitting in a circuit court, discussed the question. In that case the court held that a mate, acting as master, might recover his costs of cure and maintenance. The decision turned on the retention of his office of mate, to whom, as such, concededly, the ship owed the duty of cure and maintenance. But the learned judge discussed at length a like duty which a ship in like circumstances would owe her master. Though dicta, his reasoning, in our judgment, has the force of law. Of the same view was the judge in the case of Van Lier v. Dord, Fed. Cas. No. 16,862, who, relying on the decision in The George,

and taking one step farther, rendered a like decision in favor of a master. It would seem, ratione rei, there is no difference (except in degree) between the position of a master and that of a common seaman when it comes to an injury of one or the other as affecting the movement of the ship and her preservation to her owners; and no difference in the duty which in humanity (and self-interest) the owners owe one or the other. Though in different stations, each is a mariner, running the same risks, encountering the same dangers, engaged in the common adventure of sailing and safe-guarding the ship and her cargo. In this view, "master, mates, sailors, surveyors, carpenters are mariners." Benedict's Admiralty (4th Ed.) 189. Basing our judgment on the reasoning of the opinion in The George, to which we refer for a greater exposition of the subject, we hold that under general admiralty law the libellant in the case at bar has the right as master of the vessel to recover his costs for cure and maintenance arising from a hurt inflicted in her service.

The decree below is affirmed.